[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant wife married the plaintiff husband in Charleston, South Carolina on April 29, 1980.
The plaintiff and the defendant both resided in the State of Connecticut for at least one year, continuously, prior to the commencement of this action. CT Page 7150
In September 1992, the wife moved to Illinois with the two minor children, issue of this marriage, to wit: Lauren Cecil, born November 15, 1983 and Javar, born July 9, 1979. Prior to the commencement of trial, the court ruled that since the children have resided in Illinois for 11 months, it would defer entering any orders concerning custody, visitation and support and permit Illinois to determine those issues.
The plaintiff appeared to have difficulty in articulating the cause of the breakdown of the marriage other than to say that it was his "lack of love for her which caused the breakdown."
The court finds that the marriage has broken down irretrievably, there is no prospect for any reconciliation and a decree of dissolution may enter.
The husband is presently in the Navy and has a base net salary of $436 weekly. The wife is unemployed and admits she has not sought employment while in Illinois. In 1993, she purchased a non-equity home in Illinois.
The court finds that the wife has the ability to work and, in fact, at one time, made $600 per week as an x-ray technician.
Both parties appear to be in relatively good health.
The court, having heard all of the evidence and applying the criteria of Connecticut General Statutes 46b-81
and 46b-82, further finds and orders as follows:
(1) The husband shall pay to the wife the sum of $60 per week as periodic alimony. This alimony shall cease upon the happening of the first of the following events:
 a. death of either party b. remarriage by the wife c. ten years from the date of this judgment of dissolution
Alimony shall be nonmodifiable as to term. CT Page 7151
The court, in fashioning its orders, is aware that a proceeding in Illinois for custody and child support is to commence shortly. Its order as to alimony is entered on the basis that the child support will probably be $175 to $200 per week.
(2) The husband shall, by Qualified Domestic Relations Order, assign and transfer to the wife 30 percent of the value of his pension at the time of his retirement.
(3) The husband shall assign and transfer, by appropriate instrument, all of his right, title and interest in the Innsbruck, Austria, time share.
(4) Plaintiff shall pay the following liabilities:
 a. Plymouth Voyager loan $8,500 b. Discover Card — $3,300 c. Telephone — $150 d. Automobile Insurance — $624 e. Dental bill — $115 f. Mercy Hospital — $400
(5) The husband shall assign all of his right, title and interest in the Voyager to the wife.
(6) The husband shall, within sixty days, pay to the wife's attorney the sum of $350 as attorney's fees.
Mihalakos, J.